UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL                 'O'

| Case No. | 2:23-cv-09138-CAS (PDx) | Date | February 12, 2025 |
|---|---|---|---|
| Title | TRUSTEES OF THE OPERATING PENSION TRUST ET AL V. GAUDENTI AND SONS CORPORATION | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (IN CHAMBERS) - PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT (Dkt. 13, filed on MARCH 28, 2024)

## I.   INTRODUCTION

On October 30, 2023, plaintiffs Trustees of the Operating Engineers Pension Trust, Trustees of the Operating Engineers Local 12 Defined Contribution Trust, Trustees of the Operating Engineers Health and Welfare Fund, Trustees of the Operating Engineers Vacation-Holiday Savings Trust, Trustees of the Operating Engineers Training Trust, Fund for the Construction Industry Advancement, Engineers Contract Compliance Committee Fund, and Southern California Partnership for Jobs Fund, filed this action against defendant Gaudenti & Sons Corporation ("Gaudenti"). Dkt. 1 ("Compl."). Plaintiffs assert one claim for breach of written collective bargaining agreement and violation of § 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1145. Id.

On December 28, 2023, plaintiffs requested that the Clerk of Court enter default against defendant pursuant to Federal Rule of Civil Procedure 55(a). Dkt. 11. On January 2, 2024, the Clerk of Court entered default against defendant. Dkt. 12.

On March 28, 2024, plaintiffs filed the instant motion for default judgment against defendant. Dkts. 13, 14. Plaintiffs also filed three declarations in support of their motion. Dkts. 15 ("Ramos Decl."), 16 ("Khoshlesan Decl."), 17 ("Thompson Decl.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:23-cv-09138-CAS (PDx) | Date | February 12, 2025 |
|---|---|---|---|
| Title | TRUSTEES OF THE OPERATING PENSION TRUST ET AL V. GAUDENTI AND SONS CORPORATION | | |

On April 29, 2024, the Court held a hearing on plaintiffs' motion for default judgment, where the corporate owner of defendant appeared. See dkt. 23. At the hearing, the Court ordered defendant to obtain counsel within thirty days, up to and including May 29, 2024. See id. The Court admonished defendant that if it failed to obtain counsel, the Court would enter default judgment against it. See id. Defendant failed to obtain counsel by May 29, 2024. See dkt. 24. Accordingly, on July 25, 2024, the Court ordered defendant to show cause on or before August 1, 2024, why default judgment should not be entered against it. Dkt. 24. On July 31, 2024, counsel for defendant filed a response to the order to show cause, requesting thirty days to prepare and file a motion to set aside the entry of default by the Clerk of Court. Dkt. 26. On August 5, 2024, the Court discharged its July 25, 2024 order to show cause and permitted counsel for defendant to file a motion to set aside the entry of default on or before August 30, 2024. Dkt. 27 at 1. The Court expressly stated that it "will not entertain a request to continue the filing of the motion to set aside the entry of default." Id. at 2.

As of the date of this order, defendant has failed to file a motion to set aside the entry of default. Based on defendant's failure to respond and plaintiffs' pending motion, the Court is now prepared to enter default judgment. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.   BACKGROUND

Trustees of the Operating Engineers Pension Trust, Trustees of the Operating Engineers Local 12 Defined Contribution Trust, Trustees of the Operating Engineers Health and Welfare Fund, Trustees of the Operating Engineers Vacation-Holiday Savings Trust, and Trustees of the Operating Engineers Training Trust (collectively, the "Trustees") are fiduciaries of five trusts (the "Trusts"). Compl. ¶ 5. The Trusts are labor-management multiemployer trusts, created pursuant to section 302(c)(5) of the Labor Management Relations Act of 1947 (the "LMRA") and pursuant to written declarations of trust (the "Trust Agreements") between the International Union of Operating Engineers, Local Union No. 12 ("Local 12") and various multiemployer associations in the construction industry in Southern California and Southern Nevada. Id. The Trustees, along with Fund for Construction Industry Advancement, Engineers Contract Compliance Committee Fund, and Southern California Partnership for Jobs Fund, bring this action against Gaudenti. Id. ¶¶ 5, 7. Gaudenti is an "employer" under the Master

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:23-cv-09138-CAS (PDx) | Date | February 12, 2025 |
|---|---|---|---|
| Title | TRUSTEES OF THE OPERATING PENSION TRUST ET AL V. GAUDENTI AND SONS CORPORATION | | |

Labor Agreement (the "Master Agreement"), the related Trust Agreements, section 3(5) of ERISA, and sections 301(a), 501(1), and 501(3) of the LMRA. Id. ¶¶ 10-11.

Plaintiffs allege that on or around September 4, 1985, Gaudenti both executed and delivered a written collective bargaining agreement (the "Agreement") to Local 12, agreeing to be bound by certain collective bargaining agreements with certain exceptions and, specifically, to be bound by the Master Agreement in effect between Local 12 and Southern California Contractors Association, Inc. Id. ¶ 8. That same day, Gaudenti signed written acceptances and acknowledgements of the various Trust Agreements. Id. Thus, Gaudenti was obligated to the provisions and terms of the Agreement, the Master Agreement, and the related Trust Agreements. Id. ¶ 9.

Pursuant to Section 515 of ERISA, "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." Id. ¶ 13. Thus, Gaudenti, as an "employer," must make such contributions. Id. ¶ 14. Pursuant to the Master Agreement and related Trust Agreements, Gaudenti must also prepare and submit accurate written monthly contribution reports (the "Monthly Reports") with "the identities of its employees performing work covered by the Master Agreement, the number of hours worked by or paid to these employees, and based upon the hours worked or amounts paid to employees, the proper calculation of the fringe benefit contributions due for such employees." Id. ¶ 15. Gaudenti must submit its Monthly Reports and pay its contributions on or before the tenth day of each successive month to plaintiffs at their administrative offices in Pasadena, California. Id. While Gaudenti agreed to pay "fringe benefit contributions, benefits and/or withholdings on a monthly basis, and at specified rates for each hour worked by, or paid to, applicable employees," it has failed to either pay or timely pay such contributions to plaintiffs for various months since August 2022, in violation of Section 515 of ERISA, the Master Agreement, and the Trust Agreements. Id. ¶¶ 15-16. Specifically, it has failed to pay fringe benefit contributions for work performed by its employees from September 2022, through February 2023, and September 2023, and owes plaintiffs at least $116,289.24. Id. ¶¶ 17, 19. Plaintiffs seek to recover from Gaudenti, which is "delinquent," pursuant to ERISA, the Master Agreement, and the related Trust Agreements. Id. ¶¶ 19-27.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:23-cv-09138-CAS (PDx) | Date | February 12, 2025 |
|---|---|---|---|
| Title | TRUSTEES OF THE OPERATING PENSION TRUST ET AL V. GAUDENTI AND SONS CORPORATION | | |

### III.   LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55, when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and the plaintiff does not seek a sum certain, the plaintiff must apply to the court for a default judgment. Fed. R. Civ. P. 55.

As a general rule, cases should be decided on the merits as opposed to by default, and, therefore, "any doubts as to the propriety of a default are usually resolved against the party seeking a default judgment." Judge William W. Schwarzer et al., California Practice Guide: Federal Civil Procedure Before Trial ¶ 6:11 (The Rutter Group 2015) (citing Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir. 1985)). Granting or denying a motion for default judgment is a matter within the court's discretion. Elektra Entm't Grp., Inc. v. Crawford, 226 F.R.D. 388, 392 (C.D. Cal. 2005); see also Sony Music Ent. Inc. v. Elias, No. CV03-6387DT(RCX), 2004 WL 141959, at *3 (C.D. Cal. Jan. 20, 2004).

The Ninth Circuit has directed that courts consider the following factors in deciding whether to enter default judgment: (1) the possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning the material facts; (6) whether defendant's default was the product of excusable neglect; and (7) the strong policy favoring decisions on the merits. See Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986); see also Elektra, 226 F.R.D. at 392.

"Before a court can enter a default judgment against a defendant, the plaintiff must satisfy the procedural requirements set forth in Federal Rules of Civil Procedure 54(c) and 55, as well as Local Rule 55-1 and 55-2." Harman Int'l Indus., Inc. v. Pro Sound Gear, Inc., No. 2:17-cv-06650-ODW-FFM, 2018 WL 1989518, at *1 (C.D. Cal. Apr. 24, 2018). Accordingly, when an applicant seeks a default judgment from the Court, the movant must submit a declaration specifying: "(a) When and against what party the default was entered; (b) The identification of the pleading to which default was entered; (c) Whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a general guardian, committee, conservator or other representative; (d) That the Servicemembers Civil Relief Act (50 U.S.C. App. § 521)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                'O'

| Case No. | 2:23-cv-09138-CAS (PDx) | Date | February 12, 2025 |
|---|---|---|---|
| Title | TRUSTEES OF THE OPERATING PENSION TRUST ET AL V. GAUDENTI AND SONS CORPORATION | | |

does not apply; and (e) That notice has been served on the defaulting party, if required by [Federal Rule of Civil Procedure] 55(b)(2)."  See C.D. Cal. L.R. 55-1.

## IV.    DISCUSSION

### A.    Procedural Requirements

To satisfy the procedural requirements for entry of default judgment, a plaintiff must follow the "requirements set forth in Federal Rules of Civil Procedure 54(c) and 55, as well as Local Rule 55-1 and 55-2."  Harman Int'l Indus., 2018 WL 1989518, at *1.

Here, the procedural requirements for default judgment are satisfied because (1) plaintiffs served defendant on November 14, 2023; (2) the clerk entered default against defendant on January 2, 2024, for failure to respond to the complaint; and (3) plaintiffs submitted a declaration establishing that defendant—a corporation—is not a minor, an incompetent person, or in active military service.  Thompson Decl. ¶¶ 7-11.  Plaintiffs attached to their motion for default judgment a proof of service by mail of the instant motion and the declarations in support of the instant motion.  Dkt. 13-2.

Accordingly, plaintiffs have satisfied the procedural requirements for default judgment under the Federal and Local Rules.  The Court now proceeds to plaintiffs' motion for default judgment.

### B.    Application of the Eitel Factors

#### 1.    Risk of Prejudice to Plaintiff

The first Eitel factor considers whether a plaintiff will suffer prejudice if a default judgment is not entered.  PepsiCo, Inc. v. California Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002); see also Eitel, 782 F.2d at 1471-72.  Courts favor entry of default judgment when, absent entry of default judgment, plaintiffs "will likely be without other recourse for recovery."  PepsiCo, 238 F. Supp. 2d at 1175.

Here, in the absence of default judgment, plaintiffs would be without recourse for recovery of the unpaid fringe benefit contributions owed to them by defendant.  Dkt. 14 at 13.  Plaintiffs have also incurred significant costs and fees in pursuing their claim.  Id. at 12.  Accordingly, the first Eitel factor weighs in favor of entering default judgment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**        'O'

| Case No. | 2:23-cv-09138-CAS (PDx) | Date | February 12, 2025 |
|---|---|---|---|
| Title | TRUSTEES OF THE OPERATING PENSION TRUST ET AL V. GAUDENTI AND SONS CORPORATION | | |

    2.    <u>Sufficiency of the Complaint and the Likelihood of Success on the Merits</u>

    Courts often consider the second and third <u>Eitel</u> factors together. See <u>PepsiCo</u>, 238 F. Supp. 2d. at 1175; <u>HTS, Inc. v. Boley</u>, 954 F. Supp. 2d 927, 941 (D. Ariz. 2013). The second and third <u>Eitel</u> factors assess the substantive merits of the movant's claims and the sufficiency of its pleadings, which "require that a [movant] state a claim on which [it] may recover." <u>PepsiCo</u>, 238 F. Supp. 2d at 1177 (quotation marks omitted); <u>see also Danning v. Lavine</u>, 572 F. Supp. 2d 1386, 1388 (9th Cir. 1978) (stating that the issue is whether the allegations in the pleading state a claim upon which plaintiff can recover). For the purposes of default judgment, all well-pleaded allegations in the complaint, except for those relating to damages, are assumed to be true. <u>Geddes v. United Fin. Grp.</u>, 559 F. 2d 557, 560 (9th Cir. 1977). However, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." <u>Cripps v. Life Ins. Co. of N. Am.</u>, 980 F. 2d 1261, 1267 (9th Cir. 1992).

    Plaintiffs assert one claim for breach of written collective bargaining agreement and violation of Section 515 of ERISA against defendant. To prevail on their ERISA claim, plaintiffs must establish that: "(1) the Trusts are multi-employer plans under 29 U.S.C. § 1002(37); (2) the collective bargaining agreement obligated [d]efendant to make the employee benefit contributions; and (3) [d]efendant failed to make the contribution payments pursuant to the collective bargaining agreement." <u>Bd. of Trustees of the Laborers Health v. Aparicio</u>, No. 15-CV-04131-TEH, 2016 WL 806307, at *3 (N.D. Cal. Mar. 2, 2016) (punctuation and citation omitted). Here, plaintiffs have sufficiently alleged in the complaint that (1) the Trusts are labor-management multiemployer trusts; (2) the collective bargaining agreements obligated defendant to make fringe benefit contributions to plaintiffs; and (3) defendant failed to timely pay or pay at all various contributions to plaintiffs. <u>See generally</u> Compl. Plaintiffs have also alleged that defendant breached the terms and provisions of the collective bargaining agreements—the Master Agreement and Trust Agreements—by failing to pay these contributions. <u>Id</u>. Significantly, plaintiffs submitted the relevant portions of the agreements that defendant accepted, <u>see</u> Ramos Decl., Exhs. A-D, and defendant's Monthly Reports that establish the amounts owed to plaintiffs, <u>see id</u>., Exh. F. Therefore, plaintiffs have demonstrated a likelihood of prevailing on the merits of their claim. Accordingly, the second and third <u>Eitel</u> factors weigh in favor of entering default judgment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:23-cv-09138-CAS (PDx) | Date | February 12, 2025 |
|---|---|---|---|
| Title | TRUSTEES OF THE OPERATING PENSION TRUST ET AL V. GAUDENTI AND SONS CORPORATION | | |

3. <u>Sum of Money at Stake in the Action</u>

Pursuant to the fourth <u>Eitel</u> factor, the Court balances "the amount of money at stake in relation to the seriousness of the [defaulting party's] conduct." <u>PepsiCo</u>, 238 F. Supp. 2d at 1176; <u>see also</u> <u>Eitel</u>, 782 F.2d at 1471-72. "This determination requires a comparison of the recovery sought and the nature of the defendant's conduct to determine whether the remedy is appropriate." <u>United States v. Broaster Kitchen, Inc.</u>, No 2:14-cv-09421-MMM-PJW, 2015 WL 4545360, at *6 (C.D. Cal. May 27, 2015); <u>see also</u> <u>Walters v. Statewide Concrete Barrier, Inc.</u>, No. 3:04-cv-02559-JSW, 2006 WL 2527776, *4 (N.D. Cal. Aug. 30, 2006) ("If the sum of money at issue is reasonably proportionate to the harm caused by the defendant's actions, then default judgment is warranted.").

In advance of the April 29, 2024 hearing, plaintiffs sought a total of $161,932.20, consisting of $116,289.24 in fringe benefit contributions, $13,142.80 in prejudgment interest, $19,027.66 in liquidated damages, $12,988.10 in attorneys' fees (including litigation expenses), $484.40 in costs, and post-judgment interest at the statutory rate. The Court acknowledges that the amount of prejudgment interest has increased since the April 29, 2024 hearing, and requests that plaintiffs' counsel provide an updated calculation of prejudgment interest through the date of judgment. The Court finds that $161,932.20, plus the additional prejudgment interest owed, is reasonably proportional to defendant's conduct in failing to pay contributions to plaintiffs as required by the Master Agreement, the related Trust Agreements, and ERISA. Accordingly, the Court finds that the fourth <u>Eitel</u> factor weighs in favor of entering default judgment.

4. <u>Possibility of Dispute Concerning a Material Fact</u>

The fifth <u>Eitel</u> factor considers the possibility that material facts are in dispute. <u>PepsiCo</u>, 238 F. Supp. 2d at 1177; <u>see also</u> <u>Eitel</u>, 782 F.2d at 1471-72. "Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages." <u>PepsiCo</u>, 238 F. Supp. 2d at 1177.

Here, plaintiffs have "filed a well-pleaded complaint alleging the facts necessary to establish [their] claims, and the court clerk entered default against" defendant. <u>Philip Morris USA, Inc. v. Castworld Products, Inc.</u>, 219 F.R.D. 494, 500 (C.D. Cal. 2003). Therefore, "no dispute has been raised regarding the material averments of the complaint,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**       'O'

| Case No. | 2:23-cv-09138-CAS (PDx) | Date | February 12, 2025 |
|---|---|---|---|
| Title | TRUSTEES OF THE OPERATING PENSION TRUST ET AL V. GAUDENTI AND SONS CORPORATION | | |

and the likelihood that any genuine issue may exist is, at best, remote." Id. Accordingly, the fifth Eitel factor weighs in favor of granting the motion for default judgment.

   5.  Possibility of Excusable Neglect

  The sixth Eitel factor considers whether the defendant's default may have been the product of excusable neglect. PepsiCo, 238 F. Supp. 2d at 1177; see also Eitel, 782 F.2d at 1471-72.

  Here, the possibility of excusable neglect is remote. Defendant was served with the complaint, the request for the entry of default, and the instant motion. See Thompson Decl. ¶¶ 8-9, 14. While defendant appeared at the April 29, 2024 hearing on the instant motion, defendant was not represented by counsel, as is required for corporate litigants. See L.R. 83-2.2.2. (No organization or entity of any other kind (including corporations, limited liability corporations, partnerships, limited liability partnerships, unincorporated associations, trusts) may appear in any action or proceeding unless represented by an attorney permitted to practice before this Court[.]"). Defendant was granted thirty days to obtain counsel and failed to do so within the Court's deadline, despite being admonished that failure to do so would result in the entry of default judgment. Dkt. 24. Nevertheless, when defendant obtained counsel and requested thirty days to file a motion to set aside the entry of default, the Court granted defendant's request. Dkt. 27. However, defendant again failed to comply with the Court's order and did not file a motion to set aside the entry of default. Because defendant is aware of this lawsuit and has not attempted to have the default set aside, despite having requested permission to do so, the Court finds that there is little possibility of excusable neglect. See Exeter Fin. LLC v. Pac. Coast Auto Fin., Inc., No. SA CV 17-1636-DOC-ADSx, 2019 WL 1395910, at *5 (C.D. Cal. Mar. 27, 2019) (finding a very low likelihood of excusable neglect when defendants answered the complaint, but failed to appear at hearings and respond to orders to show cause, leading the Court to conclude that defendants "ha[d] simply abandoned the case and… made no effort to defend this suit."). Accordingly, the sixth Eitel factor weighs in favor of granting the motion for default judgment.

   6.  Policy Favoring Decisions on the Merits

  Pursuant to the seventh Eitel factor, the Court takes into account the strong policy favoring decisions on the merits. While "this preference, standing alone, is not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:23-cv-09138-CAS (PDx) | Date | February 12, 2025 |
|---|---|---|---|
| Title | TRUSTEES OF THE OPERATING PENSION TRUST ET AL V. GAUDENTI AND SONS CORPORATION | | |

dispositive," PepsiCo, 238 F. Supp. 2d at 1177 (citation omitted), "[c]ases should be decided upon their merits whenever reasonably possible." Eitel, 782 F.2d at 1472. Thus, the seventh Eitel factor weighs against entry of default judgment.

   7.  Conclusion Regarding the Eitel Factors

  Apart from the policy favoring decisions on the merits, all the remaining Eitel factors weigh in favor of default judgment, including the merits of plaintiffs' claims. See Federal Nat. Mortg. Ass'n v. George, No. 5:14-cv-01679-VAP-SP, 2015 WL 4127958, *3 (C.D. Cal. July 7, 2015) ("The merits of the plaintiff's substantive claim and the sufficiency of the complaint are often treated by courts as the most important Eitel factors.") (citation omitted). Therefore, weighing all the Eitel factors, the Court finds that entry of default judgment against defendant is appropriate.

  **C.**  **Relief Sought by Plaintiff**

  "The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (quotation marks omitted). The moving party "has the burden of proving damages through testimony or written affidavit." See Bd. of Trustees of the Boilermaker Vacation Tr. V. Skelly, Inc., 389 F. Supp. 2d 1222, 1226 (N.D. Cal. 2005). Moreover, the movant seeking default judgment must prove the damages sought, and although the Court may hold an evidentiary hearing to determine the amount of damages, no hearing is necessary "if the amount of damages can be determined from definite figures contained in the documentary evidence or in detailed affidavits." Bravado Int'l Grp. Merch. Servs., Inc. v. Quintero, No. 2:13-cv-00693-SVW-SS, 2013 WL 12126750, at *4 (C.D. Cal. Nov. 27, 2013) (citation omitted).

  Further, where an employer fails to make contributions, ERISA mandates an award of the following relief:

  (A) the unpaid contributions,

  (B) interest on the unpaid contributions,

  (C) an amount equal to the greater of—

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      'O'

| Case No. | 2:23-cv-09138-CAS (PDx) | Date | February 12, 2025 |
|---|---|---|---|
| Title | TRUSTEES OF THE OPERATING PENSION TRUST ET AL V. GAUDENTI AND SONS CORPORATION | | |

(i) interest on the unpaid contributions, or

(ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

(D) reasonable attorney[s'] fees and costs of the action, to be paid by the defendant, and

(E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2). The Master Agreement also requires delinquent employers, such as defendant, "to pay all legal expenses, plus liquidated damages at the rate of 10% of the unpaid contributions." Dkt. 14 at 3; see also Ramos Decl. ¶ 10, Exh. C. As discussed above, in advance of the April 29, 2024 hearing, plaintiffs sought a total of $161,932.20. The Court evaluates each form of plaintiffs' requested relief in turn.

     1.      Unpaid Contributions

Defendant submitted Monthly Reports that establish that it owes plaintiffs $190,276.58 in fringe benefit contributions for work performed by its employees during the months of August 2022, through February 2023, and June 2023, through August 2023. Dkt. 14 at 3; see also Ramos Decl., Exh. F. According to plaintiffs, defendant has "paid late contributions totaling $73,987.34 of the total $190,276.58 owed[,]" and thus still owes plaintiffs $116,289.24. Ramos Decl. ¶ 14, Exh. G. The Court finds that plaintiffs' request for the remaining $116,289.24 in fringe benefit contributions is appropriate and supported by the evidence.

     2.      Prejudgment Interest and Liquidated Damages

The Operating Engineers Trust Funds Joint Contribution Committee Collection Policy & Procedures (the "Collection Policy"), which plaintiffs adopted, requires defendant to pay plaintiffs prejudgment interest assessed at 8% per annum and liquidated damages assessed at 10% of untimely or unpaid contributions. See Ramos Decl. ¶ 9, Exh. E. Based on plaintiffs' calculations applying the rate of 8% per annum, defendant owed $13,142.80 in interest on the unpaid fringe benefit contributions, from the date

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:23-cv-09138-CAS (PDx) | Date | February 12, 2025 |
|---|---|---|---|
| Title | TRUSTEES OF THE OPERATING PENSION TRUST ET AL V. GAUDENTI AND SONS CORPORATION | | |

defendant became delinquent through April 22, 2024. See Ramos Decl. ¶ 15, Exh. G. For liquidated damages, plaintiffs are entitled to the greater of (1) interest on the unpaid contributions or (2) liquidated damages at the rate set forth in the collective bargaining agreement, which is 10%. See 29 U.S.C. § 1132(g)(2)(c). Here, 10% of $190,276.58 (the total amount of unpaid and late paid fringe benefit contributions) is $19,027.66. See Ramos Decl. ¶¶ 15-16, Exhs. C, E, G. The Court requests that plaintiffs provide an updated calculation of prejudgment interest through the date of judgment to enable the Court to award prejudgment interest and then determine liquidated damages. Liquidated damages will be equal to the amount of prejudgment interest or $19,027.66, whichever is greater.

        3.        <u>Fees and Costs</u>

Plaintiffs seek attorneys' fees in the amount of $12,737.50 and litigation expenses in the amount of $250.60, totaling $12,988.10. Pursuant to Local Rule 55-3, attorneys' fees awarded on a default judgment are generally calculated according to a fee schedule. See L.R. 55-3. When the judgment is over $100,000, the attorneys' fee award is $5,600 plus 2 percent of the amount over $100,000. Id. Here, pursuant to Local Rule 55-3, plaintiffs would be entitled to $8,569.19 in attorneys' fees—$5,600 plus 2 percent of $148,459.70, which is the requested judgment, exclusive of attorneys' fees and costs.

However, in the Ninth Circuit, "[i]f a party seeks a fee 'in excess of' the schedule and timely files a written request to have the fee fixed by the court, then the court must hear the request and award a 'reasonable' fee.'" <u>Bd. of Directors of Motion Picture Indus. Pension Plan v. Mar. On Prods., Inc.</u>, No. 2:19-cv-05885-CAS-JC, 2019 WL 5595045, at *6 (C.D. Cal. Oct. 29, 2019) (quoting <u>Vogel v. Harbor Plaza Ctr., LLC</u>, 893 F.3d 1152, 1159 (9th Cir. 2018)). "The Ninth Circuit has expressly held that the standard for determining the amount of attorney[s'] fees in ERISA cases is the lodestar/multiplier approach." <u>Motion Picture Indus. Pension Plan v. Klages Grp., Inc.</u>, 757 F. Supp. 1082, 1087 (C.D. Cal. 1991). Under this approach, the Court calculates the attorneys' fees "by multiplying the number of hours *reasonably expended* on the litigation by a *reasonable* hourly rate." <u>Vogel</u>, 893 F.3d at 1160 (emphases in original) (internal citation and quotation marks omitted).

Here, plaintiffs calculate the $12,737.50 in requested attorneys' fees based on 51.40 hours of professional services rendered, using an hourly rate between $210.00 and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| Case No. | 2:23-cv-09138-CAS (PDx) | Date | February 12, 2025 |
|---|---|---|---|
| Title | TRUSTEES OF THE OPERATING PENSION TRUST ET AL V. GAUDENTI AND SONS CORPORATION | | |

$430.00 for attorneys and between $110.00 and $120.00 for paralegals. See Khoshlesan Decl. ¶¶ 4-5; see also Thompson Decl. ¶ 3. Plaintiffs submitted their billing records to support these figures, along with evidence that their hourly rates "are reasonably within the range of fees charged by law firms to multi-employer, Taft-Hartley Trust Funds in Southern California." Dkt. 14 at 7; see also Khoshlesan Decl.; Thompson Decl. ¶ 3, Exh. A. In connection with a default judgment in another ERISA case, another court in this district recently approved an award of attorneys' fees based on hourly rates of $300.00 for attorneys and $115.00 for legal assistants, for 40.30 hours of professional services rendered. See Teamsters Multi-Benefit Tr. Fund v. California Offset Printers, Inc., No. 2:18-cv-08996-ABR-AO, 2019 WL 3249605, at *4 (C.D. Cal. May 1, 2019). In addition, the Ninth Circuit has observed that "fees of $375 and $400 per hour [are] established as being in line with prevailing community rates" for "ERISA plaintiffs' lawyers." Welch v. Metro. Life Ins. Co., 480 F.3d 942, 947 (9th Cir. 2007). Accordingly, the Court finds reasonable plaintiffs' request for $12,737.50 in attorneys' fees based on 51.40 hours of professional services rendered.

In addition, plaintiffs request an award of $250.60 in litigation expenses and $484.40 in court costs. Dkt. 14 at 11. The $250.60 in litigation expenses corresponds to costs related to Pacer fees, printing, and scanning. See Thompson Decl. ¶ 6, Exh. B. The $484.40 in court costs corresponds to the $402.00 related to the filing of the complaint and the $82.40 related to the service of the summons and complaint. Id. The Court concludes that these fees are appropriate. See Harlow v. Metro. Life Ins. Co., 379 F. Supp. 3d 1046, 1060 (C.D. Cal. 2019) (finding that "costs relating to the filing fee, service of process[,] certain photocopies, and subpoena fees" were recoverable as part of the fee award in connection with a default judgment in an ERISA case).

Accordingly, the Court finds that the relief sought by plaintiffs is reasonable.

4.   Post-Judgment Interest

Plaintiffs also seek "post-judgment interest as provided by law from the date of entry of the judgment herein." Dkt. 14 at 17. Because "ERISA does not expressly address the availability of post-judgment interest . . . the federal post-judgment statute, 28 U.S.C. § 1961, governs." Bonilla v. Mutschler, No. C 03-5771 CW (JL), 2004 WL 2623922, at *3 (N.D. Cal. Aug. 30, 2004), report and recommendation adopted, No. 03-05771 CW, 2004 WL 2623238 (N.D. Cal. Oct. 25, 2004) (citations omitted); see also

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:23-cv-09138-CAS (PDx) | Date | February 12, 2025 |
|---|---|---|---|
| Title | TRUSTEES OF THE OPERATING PENSION TRUST ET AL V. GAUDENTI AND SONS CORPORATION | | |

Quesinberry v. Life Ins. Co. Of North America, 987 F.2d 1017, 1031 (4th Cir. 1993) ("While ERISA does not specifically address post-judgment interest, it does provide that the statute is not to be construed to 'alter, amend, modify, invalidate, impair, or supersede any law of the United States.'") (citing 29 U.S.C. § 1144(d)). Accordingly, the Court finds the federal post-judgment statute, 28 U.S.C. § 1961, applicable in this case.

The federal post-judgment statute mandates an award of post-judgment interest in civil cases. See 28 U.S.C. § 1961(a) ("Interest shall be allowed on any money judgment in a civil case recovered in a district court."). "Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." Id. (alteration omitted). Plaintiffs are thus entitled to post-judgment interest calculated at the statutory rate, from the date of entry of this order until the date the judgment is paid in full.

### V. CONCLUSION

In accordance with the foregoing, the Court **GRANTS** plaintiffs' motion for default judgment. The Court awards plaintiffs $116,289.24 in fringe benefit contributions, $12,988.10 in attorneys' fees (including $250.60 in litigation expenses), $484.40 in costs, prejudgment interest through the date of judgment, liquidated damages, and post-judgment interest at the statutory rate. The Court directs plaintiffs to prepare a form of judgment consistent with the foregoing by February 26, 2025, which includes a specific award of prejudgment interest and liquidated damages through the date of judgment.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |